IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TEXAS ADVANCED OPTOELECTRONIC SOLUTIONS, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:08-CV-451 |
| INTERSIL CORPORATION, | § § § | |
| Defendant. | § § | |

## ORDER DENYING DEFENDANT INTERSIL CORPORATION'S MOTION TO DISMISS AND TO STRIKE UNDER FRCP RULE 12

The following are pending before the court:

1. Defendant Intersil Corporation's motion to dismiss and to strike under FRCP Rule 12 and brief in support (docket entry #9);

2. Plaintiff's response and brief in opposition to Defendant's motion to dismiss and strike (docket entry #13);

3. Defendant Intersil Corporation's reply in support of motion to dismiss and to strike under FRCP Rule 12 (docket entry #15); and

4. Plaintiff's sur-reply and brief in opposition to Defendant's motion to dismiss and strike (docket entry #17).

Having considered the Defendant's motion to dismiss and the responsive briefing thereto, the court finds that the motion should be denied.

### BACKGROUND

A brief summary of the facts, according to the Plaintiff, are as follows:

1. The Plaintiff invented, designed, developed and patented state-of-the-art technology, producing the first digital ambient light sensors used to automatically adjust the brightness of flat panel display screens;

-1-

2. In the spring of 2004, the Defendant approached the Plaintiff to structure a potential business deal with the Plaintiff. At the time the Defendant approached the Plaintiff, the Defendant did not competitively participate in the ambient light sensor market but was attempting to do so. The Defendant discussed with the Plaintiff its desire to explore a path to quickly enter the ambient light sensor market by (a) a licensing agreement between the Plaintiff and the Defendant; (b) an equity investment by the Defendant to enable the Plaintiff's immediate growth in the marketplace; or (3) a merger between the two companies whereby the Defendant would purchase the Plaintiff;

3. On June 3, 2004, the Plaintiff and the Defendant entered into a Confidentiality Agreement. The Confidentiality Agreement provided that the parties would disclose to each other certain information about their companies so that the parties could evaluate a possible business relationship. The confidential information was to be obtained solely for the limited purpose of enabling the recipient of such information to investigate and evaluate the business and financial condition of the other company;

4. In August 2004, negotiations between the parties ceased; and

5. Thereafter, in December 2005, the Defendant introduced an ambient light sensor. According to the Plaintiff, the Defendant's ambient light sensors use the same patented technology and method as that used in the Plaintiff's light sensors.

On November 25, 2008, the Plaintiff filed a lawsuit against the Defendant for patent infringement, breach of contract, trade secret misappropriation and tortious interference with prospective relations. The Plaintiff alleges that the Defendant unlawfully used and copied the Plaintiff's confidential information and trade secrets. Further, the Plaintiff alleges that the Defendant infringed on the Plaintiff's patented technology. Finally, the Plaintiff alleges that the Defendant exploited its knowledge of the Plaintiff's proprietary pricing information to unfairly and unlawfully compete against the Plaintiff. In response, the Defendant moved to dismiss the Plaintiff's breach of contract, trade secret misappropriation and tortious interference with prospective relations claims.

**LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for

dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions;" "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level," *id*. at 555, and into the "realm of plausible liability." *Id*. at 557 n.5. "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Gonzalez v. Kay*, __ F.3d __, 2009 WL 2357015, *2 (5th Cir. 2009), quoting *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. It follows then that "'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."'" *Id*., quoting *Iqbal*, 129 S.Ct. at 1950, quoting FED. R. CIV. P. 8(a)(2).

In deciding whether to grant a motion to dismiss, the district court "must not go outside the pleadings . . ." *Scanlan v. Tex*as *A & M University*, 343 F.3d 533, 536 (5th Cir. 2003) (citations omitted). Although a district court may not go outside the complaint, the Fifth Circuit has recognized one limited exception. *Id*. A district court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id*., citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

### DISCUSSION AND ANALYSIS

*A.     Breach of Contract*

The Defendant seeks dismissal of the Plaintiff's breach of contract claim on the basis that it is barred by the applicable statute of limitations. As noted in the Plaintiff's original complaint, the Plaintiff's breach of contract claim is governed by California law. The Confidentiality Agreement provides that "[t]his agreement shall be governed by the laws of California and may not be amended except in writing." CONFIDENTIALITY AGREEMENT, p. 3, ¶12. The parties agree that under California law, a breach of contract claim has a four year statute of limitations. The Defendants argue that the Plaintiff did not bring its breach of contract claim within the four year statute of limitations.

After reviewing the Plaintiff's complaint and the parties' arguments, it appears to the court that the Plaintiff has adequately pled a cause of action for breach of contract. Whether the Plaintiff will be able to survive the Defendant's statute of limitations defense is a question more appropriately answered at summary judgment when the court can evaluate the facts of the case pursuant to the requisite standard. Accordingly, the Defendant's motion to dismiss with respect to the Plaintiff's

breach of contract claim is denied.

B. *Trade Secret Misappropriation and Tortious Interference with Prospective Relations*

The Defendant also seeks dismissal of the Plaintiff's trade secret misappropriation and tortious interference with prospective relations claims. The Plaintiff has pled that these causes of action are governed by Texas law. The Defendant, however, contends that they are governed by California law. As such, the Defendant argues that the Plaintiff's trade secret misappropriation claim is barred by California's three year statute of limitations. Further, the Defendant argues that the Plaintiff's tortious interference with prospective relations claim is preempted by the California Uniform Trade Secrets Act.

After reviewing the Plaintiff's complaint and the parties' arguments, it appears to the court that the Plaintiff has adequately pled claims for trade secret misappropriation and tortious interference with prospective relations under Texas law. Whether the court should apply Texas law or California law to the Plaintiff's claims is a question, again, more appropriately answered at summary judgment when the court can evaluate the facts of the case pursuant to the requisite standard. Accordingly, the Defendant's motion to dismiss with respect to the Plaintiff's trade secret misappropriation and tortious interference with prospective relations claims is denied.

### CONCLUSION

Based on the foregoing, Defendant Intersil Corporation's motion to dismiss and to strike under FRCP Rule 12 (docket entry #9) is hereby **DENIED**.

**SIGNED this the 25th day of September, 2009.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE