**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **TEXAS ADVANCED** | § | |
| **OPTOELECTRONIC** | § | |
| **SOLUTIONS, INC.,** | § | |
| | § | **CIVIL ACTION NO. 4:08-cv-451** |
| **Plaintiff,** | § | |
| | § | **JURY TRIAL REQUESTED** |
| **v.** | § | |
| | § | |
| **INTERSIL CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S RESPONSE TO INTERSIL CORPORATION'S MOTION TO**
**EXPEDITE BRIEFING ON ITS SECOND MOTION TO COMPEL DISCOVERY**
**RELATED TO AUSTRIAMICROSYSTEMS'S ACQUISITION OF**
**TEXAS ADVANCED OPTOELECTRONIC SOLUTIONS, INC.**

## I.      INTRODUCTION

The Court should deny Intersil's demand that TAOS respond to its Second Motion to Compel discovery within just two to three business days of filing.  Intersil's motion seeks sanctions and potentially privileged documents and attaches the affidavit of its expert, to which TAOS would need to meaningfully respond.[1]   Requiring TAOS to respond in such a short period of time without the opportunity to substantively respond would severely prejudice TAOS and violate due process.  Thus, the Court should deny Intersil's motion.

## II.      ARGUMENTS AND AUTHORITIES

Intersil has filed a 13-page motion that attaches five exhibits, including a 28-paragraph, 8-page affidavit from Intersil's expert.  In addition to the need to meaningfully review and respond to the motion and affidavit, Intersil's motion seeks potentially privileged documents.

---

[1] [Doc. 271] ("Specifically, Intersil asks the Court to order that TAOS respond to the Second Motion to Compel and for Sanctions within two or three business days of the filing date of the Second to Compel and for Sanctions"); *see also* [Doc. 270].

Two to three business days does not afford a meaningful opportunity to respond.  As TAOS made clear to Intersil, its lead counsel is out of town during the same time period in which Intersil demands a response.[2]   Further, due process requires that TAOS have adequate opportunity to respond to Intersil's drastic attempt to impose sanctions against it.[3]   As TAOS explained to Intersil today and on May 12, 2014, TAOS stands willing to expedite its response briefing within ten days of Intersil's Second Motion to Compel.[4]

## IV.   CONCLUSION

For the foregoing reasons, this Court should deny Intersil's motion to expedite briefing, and allow TAOS at least ten days to respond to Intersil's Second Motion to Compel.

---

[2] Ex. 1, May 19, 2014 letter from M. McCabe to J. Bragalone.

[3] *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991) (holding that a district court "must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees").

[4] Ex. 1, May 19, 2014 letter from M. McCabe to J. Bragalone.

Respectfully submitted,

*/s/ Kelly P. Chen*
Jamil N. Alibhai
Texas Bar No. 00793248
jalibhai@munckwilson.com
Michael A. McCabe
Texas Bar No. 24007628
mmccabe@munckwilson.com
Robert D. McCutcheon
Texas Bar No. 00789480
rmccutcheon@munckwilson.com
William A. Munck
Texas Bar No. 00786127
wmunck@munckwilson.com
Kelly P. Chen
Texas Bar No. 24062664
kchen@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, TX  75251
Telephone: 972-628-3600
Telecopier: 972-628-3616

**ATTORNEYS FOR TEXAS
ADVANCED OPTOELECTRONIC
SOLUTIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that this document was served via the Court's CM/ECF to all counsel of record in accordance with the Federal Rules of Civil Procedure on May 19, 2014.

*/s/ Kelly P. Chen*
Kelly P. Chen