**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| TEXAS ADVANCED OPTOELECTRONIC SOLUTIONS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:08-CV-451 **SEALED** |
| INTERSIL CORPORATION, | § § | |
| Defendant. | § § | |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO EXTRATERRITORIAL SALES BASED UPON THE RECENT DECISION BY THE FEDERAL CIRCUIT IN *HALO*

The following are pending before the court:

1.  Defendant Intersil Corporation's notice of supplemental authority relevant to its motion to exclude Keith Ugone, motion for summary judgment related to extraterritorial sales, and motion in limine no. 4 (docket entry #410);

2.  TAOS' response to Intersil's notice of supplemental authority relevant to its motion to exclude Keith Ugone, motion for summary judgment related to extraterritorial sales, and motion in limine no. 4 (docket entry #419);

3.  Defendant Intersil Corporation's reply in support of notice of supplemental authority relevant to its motion to exclude Keith Ugone, motion for summary judgment related to extraterritorial sales, and motion in limine no. 4 (docket entry #422);

4.  TAOS' sur-reply to Intersil's notice of supplemental authority relevant to its motion to exclude Keith Ugone, motion for summary judgment related to extraterritorial sales, and motion in limine no. 4 (docket entry #424);

5.  TAOS' response to order concerning mediation and damages [doc. 466] (docket entry #470); and

6.  Intersil's brief in opposition to TAOS's response to order concerning mediation and damages [doc. 466] (docket entry #478).

-1-

In the court's "Memorandum Opinion and Order Granting In Part Defendant Intersil Corporation's Motion For Summary Judgment And Granting In Part Plaintiff's Motion For Partial Summary Judgment" [de#462], the court found, based upon the summary judgment evidence submitted by the parties and based upon the case law contained in the briefing, that "genuine issues of material fact exist as to whether the 'sales here were not United States sales for purposes of § 271(a)'" citing *MediaTek Inc. v Freescale Semiconductor, Inc.*, 2014 WL 580836, *4 (N.D. Cal. 2014), a case cited by TAOS in its briefing.  At the pretrial hearing on January 29, 2015, counsel for the Defendant asked the court whether it had considered the recent case of *Halo Electronics, Inc. v Pulse Electronics, Inc.*, 769 F.3d 1371 (Fed. Cir. 2014) decided October 22, 2014, which was after the briefing was complete on the motion for summary judgment.  The court had not considered the *Halo* case.  Although Intersil had filed a Notice of Supplemental Authority [de#410] with the *Halo* case attached, it was described in CM/ECF as simply "Sealed Document" without being linked to the motion for summary judgment.  In the limited time the court had to review the many motions filed by the parties in this case, the court did not identify that docket entry as being relevant to the motion.

After that pretrial hearing, the court entered its "Order Concerning Mediation and Damages" [de#466] stating that the court will consider the impact on the instant case of the holding in *Halo* that extraterritorial sales and offers to sell outside the United States are beyond the scope of § 271(a). The court has now read *Halo* and reviewed the exhibits that were cited by the parties in their summary judgment briefing and referred to by the parties during arguments to the court last night regarding the impact of *Halo* on this case.  In particular, the court has been asked by TAOS to examine Exhibits 7, 8, 11, 41, 54, and 55 of TAOS' Response to Intersil's Motion for Summary

Judgment [de#357] as well as Plaintiff's Exhibit 164 to TAOS' Rule 26(a)(3) Pretrial Disclosures [de#394] and Plaintiff's Exhibit 285. The Defendant has directed the court to the declaration of Sandeep Aji, which is attached to Intersil's Motion for Summary Judgment [de#318].

The parties strongly disagree on the proper interpretation of some of these exhibits. For example, Exhibit 7 is a collection of purchase orders initiated by Intersil in Milpitas, California and providing for billing to be sent to Intersil at its office in Palm Bay, Florida. The vendor named in the purchase orders is UMC Group in Sunnyvale, California. Under "Item/Description" in most of these purchases orders, it states "ISL29003 29003A01XNS7N, 210772-UMC, CUR ISS, 8", 0.35um 2P3M CMOS Sensor Process, ISL29003 REV# 1". The purchase orders provide that the items will be shipped to Carsem Semiconductor in Malaysia.

Counsel for Intersil argues that these purchase orders are only for silicon wafers and not for the accused device. Counsel for TAOS did not disagree that the orders are for wafers, but he argues that the wafers, when cut, become multiple ISL29003's without any further processing in some cases. The court cannot determine from the alphanumeric acronyms and cryptic language that follows "ISL29003" exactly what is being purchased by Intersil from UMC Group in Sunnyvale, California.

TAOS has the burden of proof on its claim of patent infringement, including proving that Intersil either made, used, offered for sale or sold TAOS' patented invention within the United States. 35 U.S.C. § 271(a). Intersil's motion for summary judgment and TAOS' response and further briefing focused on whether TAOS has shown that Intersil either "offers to sell" or "sells" TAOS's patented device "within the United States". In response to a motion for summary, TAOS must come forward with evidence demonstrating a genuine issue of material fact. Here, TAOS has not provided the court with any deposition excerpts or affidavit or answers to interrogatories that

show that what Intersil ordered from UMC Group as reflected in Exhibit 7, is the accused device rather than simply materials used to fabricate the accused device.  With respect to Exhibit 7, TAOS has not carried its burden in response to Intersil's motion for summary judgment.

Similarly, Exhibit 8 cited by TAOS in response to Intersil's motion for summary judgment contains excerpts from the deposition of Alan Ratliff, Intersil's damages expert.  Mr. Ratliff states that second generation iPhones from Apple with Intersil ambient light sensors were sold in the United States and that Intersil is a U. S. corporation with its principal place of business in California. Ratliff also confirms that Apple is a U. S. corporation with its principal place of business in California.  This evidence neither demonstrates a sale nor offer to sell within the United States.

Exhibit 11 cited by TAOS in response to Intersil's motion for summary judgment is an unsigned copy of a document titled "Intersil Terms And Conditions Of Sale Effective 05 July 2006". The document generically defines terms like "buyer", "seller", "purchase order" and requires the buyer to provide a purchase order when doing business with Intersil.  There is no discussion of particular products or prices.  And, the document is not a binding contract to sell anything to anyone.

Exhibit 41 cited by TAOS in response to Intersil's motion for summary judgment is an email string among Intersil employees referencing "Intersil's Standard Terms and Conditions of Sale" at the end of the name and address block for the email sender.  The emails' subject line is "Add to Apple Contract C347", and there is a reference to "ISL29000IROZ on Apple contract at .55" in one of the emails.  However, the court has not been presented with the referenced Apple contract C347, and these emails are neither a sales contract nor an offer to sell.

Exhibit 54 cited by TAOS in response to Intersil's motion for summary judgment is another email string apparently among Intersil employees.  One of the emails states "we are going to ship 1.5

MU of light sensors to Apple in August.  The order booked somewhat unexpectedly yesterday . . . ." The subject is ISL29003.  TAOS cites to this email several times in its briefing on the motion for summary judgment and in its briefing on the impact of the *Halo* decision.   Although the email suggests that an order was placed with Intersil somewhere to ship light sensors to Apple somewhere, without more, the court does not have enough information from this bare email to find that it creates a genuine issue of material fact about whether Intersil sold TAOS' patented device to Apple "within the United States" as required by 35 U.S.C. § 271(a).

Exhibit 55 cited by TAOS in response to Intersil's motion for summary judgment is titled "Apple Storyboard Qtr 4 FY'08".  The document contains a reference to "Increase interaction between Apple and Intersil Business Line" on one page; a reference to "ISL29003IROZ" in a chart on another page; and a reference to "ISL29003IROZ" on another page.  There is also a bullet point list containing a reference to "Intersil Contract C347 reviewed/cleaned up & updated with Apple Q2'09 pricing (Complete)".  These oblique references, unsupported and unexplained by any other summary judgment evidence, simply do not create a genuine issue of material fact about whether Intersil sold or offered for sale TAOS' patented invention within the United States.

TAOS also refers the court to Exhibit 164, which is attached to TAOS' Rule 26(a)(3) Pretrial Disclosures [de#394].  This exhibit is another email string beginning with an email from Oleg Steciw stating that "Apple Computer is waiting for ISL29001IROZ samples and they need it by 4/12, otherwise we'll blow our first major Light Sensor design-win opportunity."  This suggests that Intersil was about to ship to Apple somewhere its ISL29001IROZ as samples for Apple to evaluate in determining whether to buy Intersil's device.  Again, without more, this email does not show from where or to where these light sensors would be shipped.

Plaintiff's Exhibit 285 appears to be a series of charts.  It contains columns with "Apple Computer" and another column with "Cupertino, CA" along with dates and numbers on one page. On another page, there is a column with "ISL29003IROZ" listed.  TAOS has not submitted any summary judgment evidence explaining this document.

In its sur-reply to Intersil's motion for summary judgment, TAOS lists additional exhibits attached to its response to Intersil's motions for summary judgment [de#357].  They are Exhibit 56, which is an email string and Exhibit 57, which is a chart.  Also, Exhibit 58, which is an email string suggesting that Intersil personnel had met with Apple personnel to discuss selling ambient light sensors to Apple.  There is no further explanation of where the light sensors would be manufactured, where they would be delivered, where the purchase orders would originate from or be sent to, where any contract would be formed, or where payment would be sent.  As explained in the *Halo* case, "pricing and contracting negotiations in the United States alone do not constitute or transform those extraterritorial activities into a sale with the United States for purposes of § 271(a)."  *Halo Electronics, Inc. v Pulse Electronics, Inc.*, 769 F.3d 1371, 1379 (Fed. Cir. Oct. 22, 2014).

Exhibit 59 is another email from Oleg Steciw of Intersil discussing negotiations with Apple and testing of Intersil's light sensors by Apple.  Even if this were done within the United States, this is insufficient to satisfy § 271(a) according to *Halo*.  Also, Exhibits 60, 61, 62, and 63 cited by TAOS in its sur-reply are emails among Intersil and Apple personnel discussing testing light sensors, possible pricing of Intersil light sensors, and continued negotiations, none of which satisfies the requirements set forth in *Halo* for there to be a sale.

On the other hand, Intersil has come forward with the declaration of Sandeep Aji who states that only 1.2% of Intersil's accused ambient light sensors were sold to a customer in the United

States.  He further states that the other 98.8% of Intersil's sales of the accused products were made by Intersil's affiliated companies in Hong Kong and Kuala Lumpur.

Therefore, the court finds that TAOS has failed to create a genuine issue of material fact with respect to whether Intersil has sold or offered to sell TAOS' patented invention within the United States except for the 1.2% discussed in the declaration of Sandeep Aji.  The Defendant's motion for summary judgment with respect to extraterritorial sales is hereby **GRANTED**.

IT IS SO ORDERED.

**SIGNED this the 10th day of February, 2015.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

-7-