# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| TEXAS ADVANCED OPTOELECTRONIC SOLUTIONS, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:08-CV-451 |
| INTERSIL CORPORATION, | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART INTERSIL CORPORATION'S MOTION TO EXCLUDE KEITH UGONE

The following are pending before the court:

1. Intersil Corporation's motion to exclude Keith Ugone (docket entry #316);

2. TAOS' response to Intersil's motion to exclude Keith Ugone (docket entry #349);

3. Intersil Corporation's reply in support of motion to exclude Keith Ugone (docket entry #364); and

4. TAOS' sur-reply to Intersil's motion to exclude Keith Ugone (docket entry #384).

Having considered the Defendant's motion, the responsive briefing and the court's prior orders, the court finds that the motion should be granted in part.

Pursuant to FED. R. EVID. 702, the Defendant moves the court to strike the expert testimony of Dr. Keith Ugone ("Ugone") regarding damages. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-93 (1993), the Supreme Court instructed district courts to function as gatekeepers and determine whether expert testimony should be presented to the jury. District courts must ensure that a proffered expert witness is qualified to testify by virtue of his or her "knowledge,

skill, experience, training, or education." FED. R. EVID. 702. Moreover, in order to be admissible, expert testimony must be "not only relevant, but reliable." *Daubert*, 509 U.S. at 589. The *Daubert* analysis "appl[ies] to all species of expert testimony . . . ." *United States v. Tucker*, 345 F.3d 320, 327 (5th Cir. 2003).

In deciding whether to admit or exclude expert testimony, district courts should consider numerous factors. *Daubert*, 509 U.S. at 594. First, the court should consider the question of whether a theory or technique can be tested and has been tested. *Id*. at 593. Second, the court should examine whether the theory or technique at issue "has been subjected to peer review and publication." *Id*. Third, the court should normally consider "the known or potential rate of error" of the challenged method. *Id*. at 594. Fourth, the court may ascertain the degree of acceptance of a particular method or technique. *Id*. In evaluating *Daubert* challenges, district courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Id*.

The *Daubert* factors are not "a definitive checklist or test." *Id*. at 593. As the Court has emphasized, the *Daubert* framework is "a flexible one." *Id*. at 594. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Exploration & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citation omitted).

In its motion, the Defendant moves to strike Ugone's testimony regarding damages for a number of reasons. In its January 29, 2015 "Memorandum Opinion and Order Granting in Part Defendant Intersil Corporation's Motion for Summary Judgment and Granting in Part Plaintiff's Motion for Partial Summary Judgment" (docket entry #462), the court addressed the issue of pre-lawsuit damages. In its motion for summary judgment, as well as its motion to exclude Ugone, the

Defendant argues that the Plaintiff's failure to mark its product with the '981 Patent as required by 35 U.S.C. § 287(a) precludes the Plaintiff from obtaining damages that predate the filing of this lawsuit. The Plaintiff responds that it is entitled to pre-suit damages because it provided the Defendant with actual notice of infringement, by way of email, no later than March of 2006. Having determined that genuine issues of material fact exist regarding the Plaintiff's compliance with the marking statute, the court denied the Defendant's motion for summary judgment on this issue. Likewise, the court denies the Defendant's request here to exclude Ugone's opinions regarding damages that predate the filing of this lawsuit.

Also in its motion for summary judgment, as well as its motion to exclude Ugone, the Defendant argues that the Plaintiff may not seek damages for extraterritorial sales. Having determined in its "Memorandum Opinion and Order Granting Defendant's Motion for Summary Judgment with Respect to Extraterritorial Sales Based upon the Recent Decision by the Federal Circuit in *Halo*" that the Plaintiff failed to create a genuine issue of material fact with respect to whether the Defendant sold or offered to sell the Plaintiff's patented invention within the United States, except for the 1.2% discussed in the declaration of Sandeep Aji, the court granted the Defendant's motion for summary judgment on this issue. Likewise, the court grants the Defendant's request here to exclude Ugone's opinion regarding damages pertaining to the Plaintiff's claim of patent infringement except for 1.2% of Defendant's sales of its accused devices.

The remainder of the issues addressed in the briefing are arguments over the weight to be given Ugone's conclusions. As an expert witness, Ugone may use evidence that is "reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject," even if that evidence is not otherwise admissible. FED. R. EVID. 703. The court finds that the remainder of

the parties' arguments go either to the nature of the evidence relied upon by Ugone, which is covered by Rule 703, or to Ugone's resolution of the available evidence, which the court finds to be both reasonable and sufficiently reliable to support its admission. Sorting through the competing conclusions drawn from the available evidence is a task best left to the jury. *Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 618 (5th Cir. 1999). Based on the foregoing, it is hereby

**ORDERED** that Intersil Corporation's motion to exclude Keith Ugone (docket entry #316) is **GRANTED IN PART**.

**SIGNED this the 10th day of February, 2015.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE