**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| TEXAS ADVANCED OPTOELECTRONIC SOLUTIONS, INC., | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | Case No. 4:08-CV-451 |
| INTERSIL CORPORATION, | §<br>§ | |
| Defendant. | §<br>§ | |

## MEMORANDUM OPINION AND ORDER ON REMAINING POST TRIAL MOTIONS

The following are pending before the court:

1. TAOS' motion for entry of final judgment (docket entry #517);

2. Intersil Corporation's response to Texas Advanced Optoelectronic Solutions, Inc.'s motion for entry of final judgment (docket entry #524);

3. Plaintiff's reply in support of its motion for entry of final judgment (docket entry #531);

4. Intersil Corporation's sur-reply in opposition to Texas Advanced Optoelectronic Solutions, Inc.'s motion for entry of final judgment (docket entry #538-sealed); and

5. TAOS' notice of updated proposed final judgment and injunction and permanent injunction order (docket entry #559).

_____

1. TAOS' motion for exceptional case (docket entry #519);

2. Intersil Corporation's response to Texas Advanced Optoelectronic Solutions, Inc.'s motion for exceptional case (docket entry #523);

3. TAOS' reply in support of its motion for exceptional case (docket entry #532); and

4. Intersil Corporation's sur-reply in opposition to Texas Advanced Optoelectronic

Solutions, Inc.'s motion for exceptional case (docket entry #536).

_____

1.      Intersil Corporation's motion for new trial (docket entry #527);

2.      TAOS' response to Intersil Corporation's motion for new trial (docket entry #534);

3.      Intersil Corporation's reply in support of its motion for new trial (docket entry #542-sealed); and

4.      TAOS' sur-reply in opposition to Intersil's motion for new trial (docket entry #543).

_____

1.      Intersil Corporation's renewed motion for judgment as a matter of law pursuant to Rule 50(b) (docket entry #528);

2.      TAOS' response to Intersil Corporation's renewed motion for judgment as a matter of law pursuant to Rule 50(b) (docket entry #535);

3.      Intersil Corporation's reply in support of its renewed motion for judgment as a matter of law under Rule 50(b) (docket entry #540); and

4.      Plaintiff TAOS' sur-reply in opposition to Defendant Intersil's renewed motion for judgment as a matter of law under Rule 50(b) (docket entry #544).

## **BACKGROUND**

On June 3, 2004, the parties entered into a letter "Confidentiality Agreement" to explore a possible business relationship. Pursuant to the terms of the letter "Confidentiality Agreement," the parties exchanged confidential information; however, the parties were ultimately unable to agree on the terms of a business relationship and discussions regarding acquisition of TAOS by Intersil ended. The Plaintiff subsequently reached the conclusion that the Defendant unfairly used the Plaintiff's confidential information to create a line of digital ambient light sensors that compete with the Plaintiff's ambient light sensors. As such, on November 25, 2008, the Plaintiff filed suit against the

Defendant alleging claims for patent infringement, breach of contract, trade secret misappropriation, and tortious interference with prospective business relations.

On October 13, 2009, the Defendant filed its original answer and counterclaims, asserting 14 affirmative defenses and five counterclaims. After extensive summary judgment briefing, the case proceeded to a jury trial on February 9, 2015. At the conclusion of the trial on March 6, 2015, the jury found that (1) the Defendant breached its contract ("Confidentiality Agreement") with the Plaintiff, (2) the Defendant misappropriated the Plaintiff's trade secrets, (3) the Defendant's misappropriation of the Plaintiff's trade secrets resulted from the Defendant's fraud, malice, or gross negligence, (4) the Defendant did not prove that the Plaintiff must have known or must have been reasonably able to discover that the Defendant had used the Plaintiff's proprietary information to create competing products before November 25, 2005, (5) the Plaintiff proved that the Defendant fraudulently concealed the facts upon which the Plaintiff's misappropriation of trade secrets claim was based, (6) the Defendant intentionally interfered with the Plaintiff's prospective business relations with Apple, (7) the Defendant's tortious interference was the result of fraud, malice, or gross negligence, (8) the Defendant willfully infringed the '981 patent, (9) the Defendant did not prove that any of the claims of the '981 patent were invalid due to obviousness, for failing to satisfy the written description requirement, or for failing to contain a sufficiently full and clear description of how to make and use the full scope of the claimed invention, (10) the Defendant did not prove that the Defendant's conduct was excused because of laches, and (11) the Defendant did not prove that the Plaintiff had unclean hands. The jury awarded the Plaintiff the following:

1.      $1.00 in nominal damages for the Defendant's retention of the Plaintiff's confidential information under the Confidentiality Agreement;

2.  $12,000,000.00 as a reasonable royalty for the Defendant's breach of the Confidentiality Agreement;

3.  $48,783,007.00 as disgorgement of the Defendant's profits for the misappropriation of the Plaintiff's trade secrets;

4.  $10,000,000.00 in exemplary damages for the Defendant's trade secret misappropriation;

5.  $8,000,000.00 in lost profit damages arising from the Defendant's intentional interference with the Plaintiff's prospective relations with Apple;

6.  $10,000,000.00 in exemplary damages for the Defendant's tortious interference; and

7.  $73,653.51 as a reasonable royalty for the Defendant's infringement of the '981 patent.

## LEGAL STANDARD

"Judgment as a matter of law is justified where 'a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Internet Machines LLC v. Alienware Corp.*, No. 6:10-CV-23, 2013 WL 4056282, at *2 (E.D. Tex. June 19, 2013), *aff'd sub nom. Internet Machines LLC v. Cyclone Microsystems, Inc.*, 575 F. App'x 895 (Fed. Cir. 2014), quoting FED. R. CIV. P. 50(a)(1). "In addressing a motion for judgment as a matter of law, the Court must 'review all of the evidence in the record, draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence.'" *Id.*, quoting *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 337 (5th Cir. 2001) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). "The basis for this perspective is that '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Id.*, quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also Reeves*,

530 U.S. at 150.

"Thus, a motion for judgment as a matter of law should be granted 'only when the facts and inferences point so strongly in favor of the movant that a rational jury could not reach a contrary verdict.'" *Id*., quoting *Allstate Ins. Co. v. Receivable Fin. Co., L.L.C.*, 501 F.3d 398, 405 (5th Cir. 2007) (quoting *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 486 (5th Cir. 2004)) (internal quotation marks excluded). "The court affords 'great deference to a jury's verdict' and a judgment as a matter of law is only appropriate 'when viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at any contrary conclusion.'" *Id*., quoting *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838 (5th Cir.2004).

"In regard to granting a new trial, the Court, in its discretion, may grant a new trial after a jury trial 'for any reason for which a new trial has heretofore been granted in an action at law in federal court.'" *Id*., quoting FED. R. CIV. P. 59(a)(1)(A). "Grounds for a new trial include that 'the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course.'" *Id*., quoting *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). "The Court must affirm the jury's verdict unless, in viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of the other party that reasonable individuals could not arrive at a contrary conclusion." *Id*., citing *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998) (per curiam).

## DISCUSSION AND ANALYSIS

### A.    Defendant's Motion for New Trial

The court begins with the Defendant's motion for new trial. In its motion, the Defendant

argues the following:

1. The Plaintiff's failure to disclose its 1:1 Ratio as a trade secret until the first day of trial was unduly prejudicial to the Defendant and the court erred in permitting the Plaintiff to present evidence at trial regarding the same;

2. The verdict form was deficient in that it failed to specify the alleged trade secrets, failed to require the jury to declare which of the Plaintiff's information satisfied the trade secret requirements, failed to require the jury to specify which of the trade secrets were misappropriated, and failed to require the jury to award damages separately for each trade secret. The Defendant essentially argues that had the court appropriately applied California law rather than Texas law to the Plaintiff's trade secret misappropriation claims, the court would have properly charged the jury; and

3. The whiteboard drawing, which proved that the Plaintiff disclosed the 1:1 Ratio to Intersil during diligence, was hearsay. The Defendant argues that admission of the whiteboard drawing was harmful, prejudicial and unfair error.

The court addressed each of the Defendant's points of error at length during trial and did not find them availing. The court finds that the Defendant has not asserted any new arguments that the court has not previously addressed.

Further, with respect to the admission of the whiteboard drawing, the court finds that the admission of the same was harmless error, if it was, in fact, error. "'Generally, any error in admitting or excluding evidence is not grounds for a new trial.'" *Waterman v. McKinney Indep. Sch. Dist.*, No. 15-40458, 2016 WL 1127429, at *3 (5th Cir. Mar. 22, 2016), quoting *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 508 (5th Cir. 2012) (citing FED. R. CIV. P. 61). The Fifth Circuit reviews "'the admission or exclusion of evidence for abuse of discretion.'" *Id.*, quoting *Baisden*, *supra*. "Even if the district court's evidentiary ruling is an abuse of discretion, it is subject to harmless error analysis and does not justify reversal 'unless it affected substantial rights of the complaining party.'" *Id.*, quoting *Baisden*, *supra*. (citation and internal quotation marks omitted). "'A ruling has affected the substantial rights of the party if, when considering all of the evidence presented at trial, the ruling

had a substantial effect on the outcome of the trial.'" *Id.*, quoting *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 430 (5th Cir. 2014). As the court found during trial, the admission of the whiteboard drawing, in light of all of the evidence admitted at trial, did not have a substantial effect on the outcome of the trial. As such, finding no prejudicial error, Intersil Corporation's motion for new trial (docket entry #527) is **DENIED**.

### B.    Plaintiff's Motion for Entry of Final Judgment

In its motion for entry of final judgment, the Plaintiff seeks the entry of judgment in accordance with the verdict of the jury. "Under Texas law, '[w]hen a party tries a case on alternative theories of recovery and [the trier of fact] returns favorable findings on two or more theories, the party has a right to a judgment on the theory entitling him to the greatest or most favorable relief.'" *L & C Consultants, LLC v. ASH Petroleum, Inc.*, No. CIV A 307-CV-1904-D, 2009 WL 3110200, at *11 (N.D. Tex. Sept. 29, 2009), *aff'd sub nom. L & C Consultants v. Ash Petroleum*, 464 F. App'x 199 (5th Cir. 2010), quoting *Boyce Iron Works, Inc. v. Sw. Bell Tel. Co.*, 747 S.W.2d 785, 787 (Tex. 1988). Stated differently, "double recovery for the same injury is inappropriate." *Aero Products Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1017 (Fed. Cir. 2006), citing *Bowers v. Baystate Techs., Inc.*, 320 F.3d 1317, 1327-28 (Fed. Cir. 2003). "[I]n determining whether there has been an impermissible double recovery of damages, the inquiry focuses on whether the damages issue arose from the same set of operative facts." *Id.* at 1018 (citations omitted).

Based on the above-referenced case law, and the apparent acknowledgment that its breach of contract damages and trade secret damages represent a double recovery for the same injury, the Plaintiff does not seek the entry of judgment on its breach of contract damages. The Plaintiff seeks the entry of a final judgment against the Defendant as follows:

1. $1.00 in nominal damages for the Defendant's retention of the Plaintiff's confidential information under the Confidentiality Agreement;

2. $48,783,007.00 as disgorgement of the Defendant's profits for the misappropriation of the Plaintiff's trade secrets;

3. $10,000,000.00 in exemplary damages for the Defendant's trade secret misappropriation;

4. $8,000,000.00 in lost profit damages arising from the Defendant's intentional interference with the Plaintiff's prospective relations with Apple;

5. $10,000,000.00 in exemplary damages for the Defendant's tortious interference; and

6. $73,653.51 as a reasonable royalty for the Defendant's infringement of the '981 patent.

The Defendant contends, however, that the Plaintiff's tortious interference damages and patent infringement damages must also not be allowed to stand because they, too, are duplicative of the Plaintiff's trade secret misappropriation damages. The Defendant argues that the Plaintiff's tortious interference damages and patent infringement damages are based on the Defendant's product sales that were disgorged in the trade secret misappropriation damages.

The Defendant argues that the trade secret misappropriation disgorgement damages awarded the Plaintiff all of the profits attributable to all of the 19 At-Issue products. The Defendant contends, then, that the $8 million awarded to the Plaintiff as lost profits to compensate for the Defendant's tortious interference with the Plaintiff's prospective business relations with Apple is duplicative of the disgorgement award. The Defendant notes that the $8 million in lost profits was based on the Defendant's sales to Apple for one of the 19 At-Issue products. Therefore, according to the Defendant, the $8 million tortious interference award "is a duplicative subset of the total sales already captured in the disgorgement remedy." DEF. RESP. TO MTN. FOR ENTRY OF FINAL

In response, the Plaintiff argues (1) that the jury found that the Defendant committed the independent claim of tortious interference by intentionally interfering with the Plaintiff's prospective business relations with Apple, and (2) that the jury's damage award for tortious interference was based on the *Plaintiff's* lost profits which was different from the jury's damage award for trade secret misappropriation which was based on disgorgement of the *Defendant's* profits.

Having reviewed the arguments of the parties and the controlling law, the court finds that the Plaintiff's trade secret misappropriation claim and tortious interference claim, as well as the damages flowing therefrom, arise from the same set of operative facts. As such, the entry of a final judgment on both awards would represent an impermissible double recovery of damages. Since the Plaintiff is entitled to the most favorable relief, the Plaintiff may recover on its trade secret misappropriation claim but not its tortious interference claim. Likewise, the Plaintiff may not recover the associated $10,000,000.00 in exemplary damages for the Defendant's tortious interference.

The same does not follow for the Defendant's argument that the Plaintiff's patent infringement claim must fail as well for being duplicative. According to the Defendant, the royalty damages awarded to the Plaintiff on the patent infringement claims are based on the Defendant's domestic sales of four of the 19 At-Issue products and are, therefore, duplicative of the Plaintiff's trade secret misappropriation damages. The Plaintiff responds that the damages for patent infringement and trade secret misappropriation are distinct findings. The Plaintiff further contends that the Defendant could have misappropriated the Plaintiff's trade secrets but not infringed the '981 patent. The court agrees with the Plaintiff and finds that the patent infringement damages are not a subset of the trade secret misappropriation damages. The Plaintiff may, therefore, recover its

patent infringement damages.

Next, the Plaintiff seeks an award of prejudgment interest on the amount of the judgment for its tort claims and its patent infringement claims. The Defendant did not dispute that the Plaintiff is entitled to prejudgment interest on the jury's patent infringement award. The Defendant, however, objects to prejudgment interest being awarded on the tort claim damages. Since the only tort that now remains is the trade secret misappropriation claim, the Defendant objects to prejudgment interest being awarded on such damages. The Defendant further contests how the court should calculate the prejudgment interest rate on the trade secret misappropriation damages.

". . . Texas law on trade secret claims mandates the award of prejudgment interest." *Retractable Techs., Inc. v. Occupational & Med. Innovations, LTD.*, No. 6:08 CV 120, 2010 WL 3199624, at *4 (E.D. Tex. Aug. 11, 2010), citing TEX. FIN. CODE §§ 304.102, 304.103; *see also Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 529 (Tex. 1998). As such, the Plaintiff is entitled to an award of prejudgment interest on its trade secret misappropriation damages. The Plaintiff contends, and the court agrees, that "prejudgment interest accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered. Prejudgment interest is computed as simple interest and does not compound." TEX. FIN. CODE §§ 304.104. The current prejudgment interest rate is 5.00%. The Plaintiff filed this lawsuit on November 25, 2008. Therefore, the Plaintiff is entitled to prejudgment interest on the jury's award of $48,783,007.00 for the misappropriation of the Plaintiff's trade secrets. From November 25, 2008 through today's date, prejudgment interest is $18,083,124.60. For each day thereafter until the day prior to the court signing the final judgment,

the daily prejudgment interest amount is $6,682.60.

The Defendant contests the manner in which prejudgment interest is computed on the Plaintiff's trade secret misappropriation damages. The Defendant argues that prejudgment interest should be calculated "for a time period based on the damages that [the Plaintiff] was owed at that time, not based on the eventual sum of all damages that had accrued and would eventually accrue in the future until judgment." DEF. RESP. TO MTN. FOR ENTRY OF FINAL JUDGMENT, p. 15, § E. The Defendant, however, failed to provide the court with a method to compute prejudgment interest according to their argument. Without more, the court finds the Defendant's argument to be without merit.

Since the Defendant did not object to the Plaintiff's request for prejudgment interest on the patent infringement damages or to the Plaintiff's computation of the same, the court will adopt the Plaintiff's computation of prejudgment interest on the patent infringement damages. The Plaintiff is entitled to prejudgment interest on the jury's patent infringement award in the amount of $73,653.51. Prejudgment interest shall be awarded from April 15, 2006 (the date of the hypothetical negotiation) at the prime rate of 7.75% (the prime rate during April 2006) on the award as a lump sum, compounded annually, as urged by the Plaintiff without objection by the Defendant. From April 15, 2006 until today's date, prejudgment interest is $81,808.02. For each day thereafter until the day prior to the court signing the final judgment, the daily prejudgment interest amount is $30.62.

Next, the Plaintiff requests post judgment interest on the verdict as required by 28 U.S.C. § 1961. The Defendant did not object to the Plaintiff's request. Accordingly, the court will grant the Plaintiff's request and compute the appropriate interest rate at the time it enters judgment.

Next, the Plaintiff requests that it be awarded its costs. Since the Defendant did not object,

reasonable and necessary costs of court will be taxed against the Defendant. The Plaintiff shall file its bill of costs no later than 14 days after the final judgment is entered.

Next, the Plaintiff requests injunctive relief. By way of a separate order signed on this date, the court addressed, and denied, this request.

Finally, the Plaintiff requests enhanced damages for the Defendant's willful infringement. The Plaintiff argues that once infringement damages are awarded, it is entitled to treble damages pursuant to 35 U.S.C. § 284. The Plaintiff seeks this enhancement based on the jury's willful infringement finding. "'A finding of willful infringement is a prerequisite to the award of enhanced damages.'" *Internet Machines*, 2013 WL 4056282, at *18, quoting *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 858 (Fed. Cir. 2010).

"Willful infringement requires a two-part test. First, 'a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.'" *Id*. at *5, quoting *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). "'The state of mind of the accused infringer is not relevant to this objective inquiry.'" *Id*., quoting *In re Seagate, supra*. "Second, '[i]f this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.'" *Id*, quoting *In re Seagate, supra*. "The jury's determination of the subjective prong is reviewed for substantial evidence." *Id*., citing *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1008 (Fed.Cir. 2012).

The objective prong is determined as a matter of law. *Id*. "'[T]he ultimate legal question of whether a reasonable person would have considered there to be a high likelihood of infringement of

a valid patent should always be decided as a matter of law by the judge.'" *Id*., quoting *Bard, supra*.

"'Based on the record ultimately made in the infringement proceedings,' the Court should determine 'whether a reasonable litigant could realistically expect' those defenses to succeed." *Id.*, quoting *Bard, supra*. (quotation marks omitted).

In the Plaintiff's motion for enhanced damages, the Plaintiff only identifies the jury's finding of willfulness as a basis for enhancing patent damages. In its reply brief, the Plaintiff states that the Defendant did not have an objectively reasonable non-infringement or invalidity defense and refers the court to its motion for exceptional case. In order to adequately address this issue, the court will now turn to the Plaintiff's motion for exceptional case.

### C. Plaintiff's Motion for Exceptional Case

"'The court in exceptional cases may award reasonable attorney fees to the prevailing party.'" *Internet Machines*, 2013 WL 4056282, at *15, quoting 35 U.S.C. § 285. "The Court conducts a two-prong test in determining whether a case qualifies as exceptional under § 285." *Id*. "'First, the court must determine whether the prevailing party has proved . . . that the case is exceptional.'" *Id.*, quoting *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915 (Fed. Cir. 2012). The prevailing party must establish that the case is exceptional by a preponderance of the evidence. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1758, 188 L. Ed. 2d 816 (2014). "'If the district court finds that the case is exceptional, it must then determine whether an award of attorney fees is justified.'" *Internet Machines*, 2013 WL 4056282, at *15, quoting *MarcTec*, 664 F.3d at 916.

"[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct.

at 1756. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* "As in the comparable context of the Copyright Act, '[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Id.*, quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994) (quotations omitted).

"Cases qualifying as exceptional under § 285 'usually feature some material, inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in producing the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions.'" *Internet Machines*, 2013 WL 4056282, at *16, quoting *Serio–US Indus., Inc. v. Plastic Recovery Techs. Corp.*, 459 F.3d 1311, 1321-22 (Fed. Cir. 2006). "'However, a finding of willful infringement does not mandate that damages be increased or that attorneys fees be awarded.'" *Id.*, quoting *Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1573 (Fed. Cir. 1996).

Here, the Plaintiff has not established by a preponderance of the evidence that this case is exceptional. Likewise, the Plaintiff has not established by clear and convincing evidence that it is entitled to enhanced damages. With respect to the objective prong of willful infringement, the Plaintiff argues that it presented substantial evidence that the Defendant produced and sold the accused products even though the Defendant was aware of the Plaintiff's '981 patent, the Defendant copied the Plaintiff's products, and the Defendant attempted to maliciously remove the Plaintiff from the ambient light sensor market. The Plaintiff further points to the jury's subjective finding that the Defendant willfully infringed the '981 patent. Finally, the Plaintiff notes that despite the jury's

finding of willful infringement, the Defendant continues to sell the Infringing Products. For purposes of determining the objective prong of willful infringement, the Plaintiff argues that the reasonableness of the Defendant's defenses are not relevant.

In response, the Defendant argues that a complete analysis of the objective prong of willful infringement includes the reasonableness of the Defendant's defenses. The court agrees. While the Plaintiff analyzed the strength of the Defendant's litigation positions and defenses with respect to the exceptional case standard, the Plaintiff did not do so with respect to the issue of willful infringement. The court will do so now.

The Plaintiff argues that the Defendant's non-infringement argument was weak because the jury rejected it. The Plaintiff contends that the Defendant only presented one non-infringement argument to the jury – that the accused products did not determine an indication of the spectral content of the incident light. In response, the Defendant argues that it presented an additional non-infringement argument to the jury as well – that the accused products were not monolithic because an external processor was required to operate the accused products in the allegedly infringing mode. The Defendant argues that even though the jury rejected the Defendant's non-infringement defenses, the defenses were not objectively unreasonable. Having reviewed the record, the court agrees with the Defendant.

The Plaintiff likewise contends that the Defendant's invalidity position was unreasonable. The Plaintiff argues that the prior art relied upon by the Defendant (the Kuijk patent) did not disclose the teachings of the '981 patent. The Defendant again argues that even though the jury ultimately rejected the Defendant's invalidity defense which relied on the Kuijk patent, the invalidity defense was not objectively unreasonable. Having reviewed the record, the court agrees with the Defendant.

The court notes that the Plaintiff did not address the Defendant's defenses of (1) invalidity for failing to satisfy the written description requirement, (2) invalidity for failing to contain a sufficiently full and clear description of how to make and use the full scope of the claimed invention, (3) the equitable defense of laches, and (4) the equitable defense of unclean hands. The court finds that each of these defenses, while ultimately rejected by the jury, were objectively reasonable. As such, the court finds that the Defendant presented objectively reasonable non-infringement and invalidity arguments. *See Internet Machines*, 2013 WL 4056282, at *6. "'[W]here an accused infringer relies on a reasonable defense to a charge of infringement,' the objective prong tends not to be met." *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011), quoting *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010). On balance, the Plaintiff did not prove by clear and convincing evidence the threshold objective prong of willful infringement. *See Internet Machines*, 2013 WL 4056282, at *6. As such, the court need not analyze the subjective prong. The court finds that since the Plaintiff did not establish objective willfulness, the Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284.

However, even though the Plaintiff did not establish willfulness, the court must review the case as a whole for purposes of an exceptional case finding. The Plaintiff argues that because (1) the Defendant's expert witness, Bruce Buckman, failed to inspect either party's products, (2) the Defendant argued that it did not receive pre-suit notice of infringement even though the Defendant evaluated the '981 patent and sought an opinion of counsel prior to the Plaintiff filing the lawsuit, (3) the Defendant opted against changing its ambient light sensor product line even after reviewing the '981 patent for possible patent violations, (4) the Plaintiff discovered after the close of discovery that the Defendant released a new product that used the same die as the ISL29003, (5) the Defendant

argued to the jury that it relied on an invalidity opinion of counsel but the Defendant's own expert witness rejected the primary invalidity theory provided in the opinion, (6) the Defendant justified its sale of Infringing Products on an opinion of counsel; however, the opinion did not exist until after the Defendant had already begun selling the Infringing Products, and (7) the Defendant's former Director of Engineering testified falsely during his deposition that he had not reviewed the '981 patent prior to the Plaintiff's filing of this lawsuit and then testified at trial that he had, in fact, reviewed the patent prior to the Plaintiff filing this lawsuit, the court should find this case to be exceptional under 35 U.S.C. § 285.

The court has reviewed the arguments of the parties. On balance, the Plaintiff has not established by a preponderance of the evidence that this is an exceptional case under 35 U.S.C. § 285. The Plaintiff's motion for exceptional case (docket entry #519) is **DENIED**. Further, the Plaintiff's motion for entry of final judgment (docket entry #517) is **GRANTED IN PART**.

### D. Defendant's Renewed Motion for Judgment as Matter of Law

The Defendant moves for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure on all four of the Plaintiff's claims. Since the court has already disposed of the Plaintiff's breach of contract and tortious interference claims, the court need not address the Defendant's arguments regarding those claims as they are moot.

### 1. Trade Secret Misappropriation

The Defendant argues that as a matter of law, the Plaintiff's trade secret misappropriation claim must fail. The Defendant argues that neither the Plaintiff's technical information or the Plaintiff's financial information was secret or misused. The court conducted a quite lengthy Rule 50 hearing during the trial of this cause and considered the arguments of counsel

on these issues. Having reviewed the evidence presented to the jury, and for the reasons stated on the record in open court during the Rule 50 hearing, the court is not inclined to disturb the jury's verdict on liability on the trade secret misappropriation claim.

The Defendant makes the further argument that the court, sitting in equity, should determine the proper disgorgement award for the trade secret misappropriation claim. The Defendant states that the court previously recognized that the jury's verdict on disgorgement damages is merely advisory in nature and directs the court to an order on the Defendant's motion in limine and to the discussion during the Rule 50 hearing at the close of the evidence. In reviewing the February 11, 2015 order (docket entry #495), the court notes that it denied the Defendant's motion to preclude the Plaintiff from offering evidence on disgorgement damages to the jury. In its motion in limine (docket entry #406), the Defendant argued that the Plaintiff should be precluded from offering evidence of disgorgement damages to the jury because disgorgement is an equitable remedy. In its February 11, 2015 order denying the Defendant's motion, the court determined that disgorgement damages would be submitted to the jury and the court would consider the jury's response in determining whether to award damages based on disgorgement of profits. The court did not actually state that the jury's verdict on disgorgement was advisory. However, the court agrees that its order denying item #10 in the Defendant's motion in limine could be interpreted that way. Also, the court acknowledges that it did make the statement that "It sounds like it is all advisory" during the March 2, 2015 Rule 50 hearing. However, that statement was in the context of a discussion with counsel for the Defendant and based on representations made by counsel for the Defendant, where the court questioned counsel for the Defendant about the proper role of the jury in connection with the issue of disgorgement. Nevertheless, based on the parties' briefing on these post trial motions and the

response to the Defendant's motion in limine filed by the Plaintiff (docket entry #412), the court agrees with the Plaintiff that the court may rely on the jury's verdict on disgorgement.

Further, the Defendant argued at trial, and again in its motion for new trial, that the court should apply California law to the Plaintiff's trade secret misappropriation claim and that under California law, a jury's verdict on trade secret misappropriation damages is merely advisory. The court rejected the Defendant's argument at trial and denied its motion for new trial on this issue.

Finally, the Defendant relies on *SEC v. Huffman*, 996 F.2d 800 (5th Cir. 1993) for the premise that disgorgement is an equitable remedy. However, reliance on this case is misplaced. This case involves a disgorgement order that the Securities and Exchange Commission ("SEC") requested a court to enter. As noted in the *Huffman* case, "a disgorgement order might be for an amount more or less than that required to make the victims whole." *Huffman*, 996 F.2d at 802. Obviously, a disgorgement order in an SEC matter differs from disgorgement damages for trade secret misappropriation which should fairly and reasonably compensate the Plaintiff for the harm that was proximately caused by the Defendant as a result of the misappropriation of the Plaintiff's trade secrets. *See* COURT'S INSTRUCTIONS TO THE JURY, pp. 12-13. The court will not disturb the jury's verdict on disgorgement.

The Defendant further argues that the disgorgement damages should be reduced because the Plaintiff's damages calculation was based on gross profits rather than net profits. The jury was instructed that under the disgorgement remedy, the Plaintiff was only entitled to the net profits resulting from the acts of trade secret misappropriation. *See* COURT'S INSTRUCTIONS TO THE JURY, p. 13. The Defendant did not previously raise this issue in its original motion for judgment as a matter of law. As such, the issue is waived. However, even if the issue was not waived, the court

finds that the Plaintiff properly calculated net profits based on the evidence.

The Defendant next argues that the disgorgement damages should be reduced because the Defendant's net profits are not all attributable to the Plaintiff's trade secrets. The Defendant argues that any disgorgement award, then, should reflect the Defendant's contributions to the At-Issue Products. The Defendant presented this argument to the jury and the jury rejected the same. As such, the court is not inclined to disturb the damages awarded by the jury on the trade secret misappropriation claim.

Finally, the Defendant argues that the jury's exemplary damages award related to the trade secret misappropriation claim should be eliminated or reduced. Since the court declines to reduce the disgorgement award, the court finds that the exemplary damages award related to the trade secret misappropriation claim is appropriate. Having reviewed the evidence presented to the jury, and for the reasons stated on the record, the court is likewise not inclined to disturb the findings of the jury concerning the exemplary damages award related to the trade secret misappropriation claim.

## 2. Patent Infringement

The Defendant argues that as a matter of law, the Plaintiff's patent infringement claim must fail. The Defendant argues that (1) the infringement verdict is not supported by substantial evidence, (2) no reasonable jury could have found the '981 patent not invalid, and (3) the Plaintiff is not entitled to pre-suit damages because the Plaintiff failed to mark or otherwise notify the Defendant of the charge of infringement. The court, having reviewed the evidence presented to the jury, is not inclined to disturb the findings of the jury concerning patent infringement.

Finally, the Defendant argues that it is entitled to judgment as a matter of law regarding willfulness. For all of the reasons previously stated herein, the Defendant's motion regarding

willfulness is granted. In all other respects, in light of the jury's verdict, the court finds that the Defendant's motion should be denied. Intersil Corporation's renewed motion for judgment as a matter of law pursuant to Rule 50(b) (docket entry #528) is **GRANTED IN PART**.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1.    TAOS' motion for exceptional case (docket entry #519) is **DENIED**;

2.    Intersil Corporation's motion for new trial (docket entry #527) is **DENIED**;

3.    Intersil Corporation's renewed motion for judgment as a matter of law pursuant to Rule 50(b) (docket entry #528) is **GRANTED IN PART**; and

4.    TAOS' motion for entry of final judgment (docket entry #517) is **GRANTED IN PART**.

Once the issue of a reasonable royalty is resolved, the court will enter a final judgment in accordance with the findings herein.

IT IS SO ORDERED.

**SIGNED this the 25th day of April, 2016.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE