IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TEXAS ADVANCED OPTOELECTRONIC SOLUTIONS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:08-CV-451 |
| INTERSIL CORPORATION, | § § | |
| Defendant. | § § | |

**FINAL JUDGMENT**

On February 9, 2015, this action came on for trial before a jury. Both sides announced ready for trial and, following the presentation of evidence, the jury was instructed to answer certain questions. The jury returned a verdict by answering the questions on March 6, 2015. The jury found that (1) the Defendant breached its contract ("Confidentiality Agreement") with the Plaintiff, (2) the Defendant misappropriated the Plaintiff's trade secrets, (3) the Defendant's misappropriation of the Plaintiff's trade secrets resulted from the Defendant's fraud, malice, or gross negligence, (4) the Defendant did not prove that the Plaintiff must have known or must have been reasonably able to discover that the Defendant had used the Plaintiff's proprietary information to create competing products before November 25, 2005, (5) the Plaintiff proved that the Defendant fraudulently concealed the facts upon which the Plaintiff's misappropriation of trade secrets claim was based, (6) the Defendant intentionally interfered with the Plaintiff's prospective business relations with Apple, (7) the Defendant's tortious interference was the result of fraud, malice, or gross negligence, (8) the Defendant willfully infringed the '981 patent, (9) the Defendant did not prove that any of the claims of the '981 patent were invalid due to obviousness, for failing to satisfy the written

description requirement, or for failing to contain a sufficiently full and clear description of how to make and use the full scope of the claimed invention, (10) the Defendant did not prove that the Defendant's conduct was excused because of laches, and (11) the Defendant did not prove that the Plaintiff had unclean hands. The jury awarded the Plaintiff the following:

1. $1.00 in nominal damages for the Defendant's retention of the Plaintiff's confidential information under the Confidentiality Agreement;

2. $12,000,000.00 as a reasonable royalty for the Defendant's breach of the Confidentiality Agreement;

3. $48,783,007.00 as disgorgement of the Defendant's profits for the misappropriation of the Plaintiff's trade secrets;

4. $10,000,000.00 in exemplary damages for the Defendant's trade secret misappropriation;

5. $8,000,000.00 in lost profit damages arising from the Defendant's intentional interference with the Plaintiff's prospective relations with Apple;

6. $10,000,000.00 in exemplary damages for the Defendant's tortious interference; and

7. $73,653.51 as a reasonable royalty for the Defendant's infringement of the '981 patent.

This final judgment is entered pursuant to FED. R. CIV. P. 58, the jury's verdict, the court's "Memorandum Opinion and Order Denying Plaintiff's Motion for Permanent Injunction and Granting in Part Plaintiff's Motion for Supplemental Damages" (docket entry #569) signed on April 22, 2016, the court's "Memorandum Opinion and Order on Remaining Post Trial Motions" (docket entry #571) signed on April 25, 2016, and the parties' "Joint Notice of Compliance with Order to Negotiate a Royalty Rate" (docket entry #595) filed on June 7, 2016. It is, therefore, **ORDERED** and the court enters **JUDGMENT** as follows:

1. The Plaintiff shall recover from the Defendant $1.00 in nominal damages for the Defendant's retention of the Plaintiff's confidential information under the

      Confidentiality Agreement;

2. The Plaintiff shall recover from the Defendant $48,783,007.00 as disgorgement of the Defendant's profits for the misappropriation of the Plaintiff's trade secrets;

3. The Plaintiff shall recover from the Defendant $10,000,000.00 in exemplary damages for the Defendant's trade secret misappropriation;

4. The Plaintiff shall recover from the Defendant prejudgment interest in the amount of $18,377,159.00 on the jury's award of $48,783,007.00 for the misappropriation of the Plaintiff's trade secrets;

5. The Plaintiff shall recover from the Defendant $73,653.51 as a reasonable royalty for the Defendant's infringement of the '981 patent;

6. The Plaintiff shall recover from the Defendant prejudgment interest in the amount of $83,155.30 on the jury's patent infringement award in the amount of $73,653.51;

7. The Plaintiff is awarded an ongoing royalty of $0.10/unit for sales in the United States of products found to infringe the Plaintiff's '981 patent from March 2014 until the expiration of the '981 patent; and

8. The Plaintiff is the prevailing party and is entitled to recover its reasonable and necessary costs of court.

It is finally **ORDERED** that the Plaintiff shall recover from the Defendant the above-mentioned awards and shall be entitled to post-judgment interest on the same at an annual rate of 0.67% pursuant to 28 U.S.C. § 1961(b) until paid.

IT IS SO ORDERED.

    **SIGNED this the 9th day of June, 2016.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE