**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| TEXAS ADVANCED OPTOELECTRONIC SOLUTIONS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:08-CV-451 |
| RENESAS ELECTRONICS AMERICA, INC., f/k/a INTERSIL CORPORATION, | § § § | |
| Defendant. | § | |

**ORDER OF TRANSFER**

On July 9, 2018, the United States Court of Appeals for the Federal Circuit issued an opinion affirming in part, reversing in part, vacating in part, and remanding the parties' appeals of this case to this court. The Federal Circuit issued the mandate in this case on August 15, 2018. After considering the parties' "Joint Motion for Case Management Conference" (docket entry #616), the court set this case for a management conference on Monday, October 22, 2018 at 10:00 am (docket entry #619). The court further ordered the parties to mediate this case by Monday, October 15, 2018. *See id*. The court subsequently granted two extensions of time for the parties to complete mediation and, additionally, granted a continuance for the case management conference. Mediation was ultimately unsuccessful.

The parties appeared before the court for the case management conference on November 14, 2018. At the conference, the parties discussed with the court the Plaintiff's two pending motions[1]

---

[1] Plaintiff's "Motion for Entry of Partial Judgment" (docket entry #617) filed on August 20, 2018, and Plaintiff's "Renewed Motion for Entry of Permanent Injunction" (docket entry #618) filed on August 24, 2018.

-1-

as well as proposals for how the case should proceed.  The court was also advised that the Plaintiff

had filed a petition for a writ of certiorari with the Supreme Court of the United States on a particular

issue.  At the conclusion of the conference, the court ordered the parties to file a proposed scheduling

order for the court's consideration.

On November 29, 2018, the parties filed their "Proposed Scheduling Orders" (docket entry

#652). Each party submitted its own scheduling order since the parties were unable to reach an

agreement on how to best manage this case.  Having reviewed the competing scheduling orders, the

court determined that in order to enter an appropriate scheduling order, the court must first resolve

the Plaintiff's "Motion for Entry of Partial Judgment" (docket entry #617).  The court further noted

that the outcome of the Plaintiff's petition for a writ of certiorari, filed on November 5, 2018, may

impact the issues on remand in this case.  Based on the foregoing, the court issued the following

order on March 29, 2019:

> [T]he court hereby **STAYS** this case.  However, during this stay, the
> court will review and issue a ruling on the Plaintiff's "Motion for
> Entry of Partial Judgment" (docket entry #617).  Once the court has
> ruled on the Plaintiff's "Motion for Entry of Partial Judgment"
> (docket entry #617) and once the Supreme Court rules on the
> Plaintiff's petition for a writ of certiorari, the court will proceed with
> the entry of a scheduling order.  The court finds that since a ruling on
> both of the above matters will affect the manner in which the parties
> proceed in this case, a brief stay is appropriate.   The court
> understands the Plaintiff's desire to move this case along.  However,
> in balancing the Plaintiff's desire with the need for the resolution of
> certain matters, the court finds that a brief stay is warranted.

*See* Dkt. #656.

On June 24, 2019, the Supreme Court denied the Plaintiff's petition for a writ of certiorari.

On June 27, 2019, the Plaintiff filed its opposed "Motion for (i) Lift of Stay and (ii) Request for

Orders on Pending Motions for Entry of Partial Judgment [Doc. 617] and Entry of Permanent Injunction [Doc. 618]" (docket entry #660).

As a senior judge, and as a judge with limited time to devote to this matter, the court is of the opinion that transferring this case to a judge in active status would better serve the parties.  While the court is reluctant to transfer a case in which it has invested much time and effort, the court is inclined to do so at this juncture.  Therefore, with his permission, the court hereby

**TRANSFERS** the above-referenced civil action to the docket of the Honorable Amos L. Mazzant, III.

IT IS SO ORDERED.

**SIGNED this the 9th day of August, 2019.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

-3-