# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TEXAS ADVANCED OPTOELECTRONIC SOLUTIONS, INC. | § § § § § § § § | |
| v. | | Civil Action No. 4:08-cv-00451<br>Judge Mazzant |
| RENESAS ELECTRONICS AMERICA INC. f/k/a INTERSIL CORPORATION | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Texas Advanced Optoelectronic Solutions, Inc.'s ("TAOS") Motion for Entry of Partial Judgment under Federal Rule of Civil Procedure 54(b) (Dkt. #617). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND

On June 3, 2004, the parties entered into a letter "Confidentiality Agreement" to explore a possible business relationship. Pursuant to the terms of the Confidentiality Agreement, the parties exchanged confidential information; however, the parties were ultimately unable to agree on the terms of a business relationship and discussions regarding acquisition of TAOS by Defendant Renesas Electronics America Inc. f/k/a Intersil Corporation ("Renesas") ended. The Plaintiff subsequently reached the conclusion that the Defendant unfairly used the Plaintiff's confidential information to create a line of digital ambient light sensors that compete with the Plaintiff's ambient light sensors. As such, on November 25, 2008, the Plaintiff filed suit against the Defendant alleging claims for patent infringement, breach of contract, trade secret misappropriation, and tortious interference with prospective business relations (Dkt. #1).

This case has come a long way since 2008. On October 13, 2009, the Defendant filed its original answer and counterclaims, asserting 14 affirmative defenses and five counterclaims (Dkt. #88). After extensive summary judgment briefing, the case proceeded to a jury trial on February 9, 2015. At the conclusion of the trial on March 6, 2015, the jury found that: (1) the Defendant breached its contract (the Confidentiality Agreement) with the Plaintiff; (2) the Defendant misappropriated the Plaintiff's trade secrets; (3) the Defendant's misappropriation of the Plaintiff's trade secrets resulted from the Defendant's fraud, malice, or gross negligence; (4) the Defendant did not prove that the Plaintiff must have known or must have been reasonably able to discover that the Defendant had used the Plaintiff's proprietary information to create competing products before November 25, 2005; (5) the Plaintiff proved that the Defendant fraudulently concealed the facts upon which the Plaintiff's misappropriation of trade secrets claim was based; (6) the Defendant intentionally interfered with the Plaintiff's prospective business relations with Apple; (7) the Defendant's tortious interference was the result of fraud, malice, or gross negligence; (8) the Defendant willfully infringed the '981 patent; (9) the Defendant did not prove that any of the claims of the '981 patent were invalid due to obviousness, for failing to satisfy the written description requirement, or for failing to contain a sufficiently full and clear description of how to make and use the full scope of the claimed invention; (10) the Defendant did not prove that the Defendant's conduct was excused because of laches; and (11) the Defendant did not prove that the Plaintiff had unclean hands (Dkt. #511).

Final judgment was entered on June 9, 2016 (Dkt. #596). Renesas appealed the final judgment to the United States Court of Appeals for the Federal Circuit on June 10, 2016 (Dkt. #598). The Federal Circuit affirmed in part, reversed in part, and vacated in part the final

judgment and remanded the case (Dkt. #614, Attachment 1).  On August 9, 2019, Judge Schell[1] transferred this case to the Court (Dkt. #662).

On August 20, 2018, TAOS filed its Motion for Entry of Partial Judgment under Federal Rule of Civil Procedure 54(b) on its tortious interference and breach of contract claims (Dkt. #617).  On November 1, 2018, Renesas filed its response in opposition to the Motion (Dkt. #641).  On November 8, 2018, TAOS filed its reply; Renesas filed its sur-reply on November 15, 2018 (Dkt. #643; Dkt. #646).

## LEGAL STANDARD

The basic purpose of Federal Rule of Civil Procedure 54(b) "is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2654 (4th ed. 2019).  However, immediate appeal is only available when the court certifies the matter for appeal by: (1) directing entry of a final judgment as to some of the claims or parties; and (2) expressly determining that "there is no just reason for delay."  FED. R. CIV. P. 54(b).

Rule 54(b) also "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Accordingly, "[u]nder Rule 54(b), 'the trial court is free to reconsider and reverse its [interlocutory] decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"  *Austin*, 864 F.3d at 336 (quoting

---

[1] United States Senior District Judge Richard Schell assumed senior status on March 10, 2015.

*Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

## ANALYSIS

TAOS requests relief that the Court cannot provide under Rule 54(b). TAOS asks for "non-final partial judgment" under Rule 54(b) on its tortious interference and breach of contract claims (Dkt. #617 at p. 9; Dkt. #643 at p. 3). TAOS does not ask the Court to certify the matter for appeal by entering final judgment and determining that there is no just reason for delay of an appeal.[2] Nor does TAOS ask the Court to reconsider a prior interlocutory order. Instead, TAOS asks the Court to enter "non-final judgment" under Rule 54(b) on two of its claims because, according to TAOS, non-final judgments are routinely entered to narrow the scope of issues for trial under Rule 54(b). TAOS is incorrect.

> Rule 54(b) states, in full:
>
> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). Rule 54(b) can be divided into two operative parts. The first part authorizes the Court to certify a matter for immediate appeal by entering final judgment on a portion of the

---

[2] In fact, TAOS submits that it "need not satisfy the 'finality' and 'no just reason for delay' requirements" of certification under Rule 54(b) (Dkt. #643 at p. 3) (quoting FED. R. CIV. P. 54(b)).

case and expressly determining "that there is no just reason for delay[ing]" the appeal of that issue.[3] The second part authorizes the Court to revise an interlocutory order.[4]

TAOS argues Rule 54(b) has a third use, independently authorizing the Court to enter a "non-final judgment" on two of TAOS's claims in order to "narrow the scope of issues for trial . . . ." (Dkt. #643 at p. 2–3). TAOS cites just one case for support (Dkt. #643 at p. 3 n.2) (citing *Thompson v. Betts*, 754 F.2d 1243 (5th Cir. 1985)).[5] It does not support TAOS's position.

In *Thompson*, the Fifth Circuit dismissed the appeal for lack of subject matter jurisdiction because, in granting a motion to dismiss all claims against one defendant, the district court did not certify its order for immediate appeal under Rule 54(b). 754 F.2d at 1245–46. TAOS cites *Thompson* for the proposition that "[i]n the absence of a certification by the district court that meets [the two requirements for certification under Rule 54(b)], a partial disposition of a multi-claim or multi-party action does not qualify as a final decision under Section 1291 and is ordinarily an unappealable interlocutory order." *See* (Dkt. #643 at p. 3) (quoting *Thompson*, 754 F.2d at 1245). True. But all that describes is the general rule that without proper Rule 54(b) certification, the partial disposition of an action—e.g., granting a motion to dismiss all claims against one defendant

---

[3] FED. R. CIV. P. 54(b) ("When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."); *see also* 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2654 (4th ed. 2019) ("The basic purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.").

[4] FED. R. CIV. P. 54(b) ("Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *e.g.*, *Austin*, 864 F.3d at 336.

[5] TAOS also claims that the text of Rule 54(b) expressly contemplates this situation (Dkt. #643 at p. 2). As discussed above, and as articulated by the Defendant's sur-reply, the text TAOS points to only authorizes the Court to revise a prior interlocutory order (Dkt. #646 at p. 2–3). *E.g.*, *Austin*, 864 F.3d at 336.

in a multi-party action—is not immediately appealable. *Thompson* does not suggest that a party can use Rule 54(b) to obtain a "non-final judgment" on two claims to "narrow the scope of issues for trial" as TAOS argues in its motion.

Despite asserting that Rule 54(b) is "routinely" used to narrow the scope of issues for trial, TAOS points the Court to no case using Rule 54(b) to do so. TAOS does not ask the Court for a final judgment, let alone a final judgment that can be certified for immediate appeal. And it does not ask the Court to reconsider a prior interlocutory order. TAOS's motion for entry of a partial judgment under Rule 54(b) requests relief that Rule 54(b) does not authorize the Court to provide. Accordingly, TAOS's motion is denied.

## CONCLUSION

It is therefore **ORDERED** that TAOS's Motion for Entry of Partial Judgment under Federal Rule of Civil Procedure 54(b) (Dkt. #617) is hereby **DENIED**.

**SIGNED** this 1st day of October, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE