**MUNCK WILSON MANDALA**

TRIALS. TRANSACTIONS. TECHNOLOGY.

MICHAEL C. WILSON
DIRECT: 972-628-3657

EMAIL: MWILSON@MUNCKWILSON.COM

March 23, 2021

The Honorable Amos L. Mazzant, III
Paul Brown United States Courthouse
101 East Pecan Street
Sherman, Texas 75090

      Re:    *ams Sensors USA Inc. v. Intersil Corporation*; No. 4:08-cv-00451-ALM in the United States District Court for the Eastern District of Texas

Dear Judge Mazzant:

      At the pre-trial hearing on March 22, 2021, the Court asked Plaintiff to submit a letter brief further explaining its position that Defendant is precluded from presenting arguments and evidence that the accused ALS products do not use/misappropriate the Plaintiff's trade secret, including because of the use of color filters. As discussed at the hearing, both the Fifth Circuit and Federal Circuit recognize a corollary to the "law of the case" doctrine (or mandate rule) that forbids relitigation on remand of issues that could have been but were not challenged in a first appeal. *See, e.g.*, *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (explaining that "an issue that could have been but was *not* raised on appeal is forfeited and may not be revisited by the district court on remand"); *Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1348–51 (Fed. Cir. 2001).

      The *Medical Center* case is instructive. There, the district court reopened a records inspection issue on remand that it had earlier considered and rejected in the first trial, and that the appellant chose *not* to raise in the first appeal. In the second appeal, the Fifth Circuit held that the district court's reconsideration of the issue on remand was reversible error. *Med. Ctr.*, 634 F.3d at 835–36. Similarly, in *Tronzo*, the Federal Circuit held that because punitive liability and the amount of punitive damages were issues within the scope of the district court's entry of judgment on the original jury award, the defendant's failure to raise those issues on appeal foreclosed further review on remand. *Tronzo*, 236 F.3d at 1348–51. This doctrine promotes the "need for (and the litigant's right to) finality, judicial economy, the consistency of judicial decisions, the discouragement of piecemeal adjudication, and the prevention of the perverse result of allowing a litigant to be in a better position by failing to raise an issue in an initial appeal." *Id.* at n.3; *see also Med. Ctr.*, 634 F.3d at 834.

      The inquiry under this doctrine is straightforward: Was the issue "within the scope" of the first judgment and could that issue have been challenged in the first appeal? In the first trial here, Defendant vigorously challenged the act of misappropriation on the grounds that its products did not use either "shielded" or "unshielded" diodes because they used a green filter over diode 1 (and thus were not "unshielded"), and that "derivative" products used a "stacked" red/green filter over diode 2 (and thus did not use a "shielded" diode). For example, defense counsel crossed TAOS's corporate representative about whether using a filter is "not [TAOS's] dual-diode technology." *See, e.g.*, Ex. 1, Trial Tr. Vol. 2, 228:8–231:18. Defendant's expert, Dr. Philip Hobbs, argued that Intersil's use of green and red filters constituted a "different approach." Ex. 2, Trial Tr. Vol. 8, 87:14–17, 90:8–91:7. Defendant further argued at closing that "[one of] the two most noticeable differences…[is that we] use the green filter…in the

cancellation techniques." Ex. 3, Trial Tr. Vol. 11, 210–211. The jury rejected Intersil's defenses, and this Court entered judgment on misappropriation *without limitation on the accused ALS products*.

There is no doubt that Defendant *could have raised* its "filter" challenge to the misappropriation judgment on appeal. For example, in its Rule 50(b) motion, Defendant argued that "the majority of those accused [ALS] in TAOS's claim for trade secret misappropriation—do not even use an alternative array of covered and uncovered diodes, including because of color filters." (Dkt. #508 at 7). To preserve these defenses, Defendant was obligated to raise them on appeal. *See Wellogix, Inc. v. Accenture, LLP*, 716 F.3d 867, 874–79 (5th Cir. 2013) (challenging sufficiency of evidence regarding whether technology contained and used trade secret).

Defendant made no such challenge on appeal. Its appellate brief did not raise *any* challenge to the sufficiency of the evidence concerning its use of the trade secret, including because its ALS products did not use shielded/unshielded diodes. Ex. 4, Br. for Appellant Intersil Corp. at 2, 23–24.[1] Instead, on the merits of liability for misappropriation of TAOS's 1:1 diode structure, Defendant *only* argued that the trade secret was publicly known and "not secret at all." *Id.* at 23–24. The Federal Circuit rejected that argument.

The Federal Circuit expressly acknowledged that Defendant abandoned the issue of use, stating that "Intersil does not dispute the sufficiency of the evidence regarding the act of misappropriation." *TAOS, Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304, 1313 (Fed. Cir. 2018). It also expressly found that the "misappropriation award *was based on sales of those four products [29001, 29002, 29003, 29004] and more than a dozen others*," *id.* at 1328, confirming that all of the accused products were within the scope of the judgment.

Because Defendant decided to forego any challenge to the "act of misappropriation," including based on its use of color filters, the prior judgment is final as to these defenses, and Defendant cannot resurrect them now. *Med. Ctr.*, 634 F.3d at 834; *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (the mandate rule "bars litigation of issues decided by the district court but foregone on appeal"). Defendant's effort to retry the act of misappropriation—a defense previously rejected by the jury and Judge Schell—violates the mandate rule. *See Med. Ctr.*, 634 F.3d at 835–36; *Tronzo*, 236 F.3d at 1348–51. Accordingly, the Court should exclude all evidence relating to arguments that the accused products did not "use" the trade secret, including any version of Dr. Yang's "color filter" defense.[2]

Sincerely,

*/s/ Michael C. Wilson*

Michael C. Wilson

880081

---

[1] Defendant also did not challenge the evidentiary support for the jury's finding of malice for exemplary damages.

[2] As discussed at the hearing, Defendant's "green filter" defense as to the ISL29003 also contradicts the law of the case for an independent reason. The Federal Circuit (and this Court) already found that the ISL29001 uses TAOS's trade secret, and the ISL29001 *uses the exact same green filter as the ISL29003*. And that is the only non-use argument Dr. Yang makes regarding the ISL29003 (and several other products). Since the ISL29001 uses the trade secret, the same must be true for the ISL29003. Moreover, the Federal Circuit necessarily found that the ISL29003 uses TAOS's trade secret when it found the patent infringement award on the ISL29003 duplicative of the misappropriation award. *TAOS, Inc.* at 1328.