# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| AMS SENSORS USA INC. f/k/a § <br> TEXAS ADVANCED OPTOELECTRONIC § <br> SOLUTIONS, INC. § <br> § <br> v. § <br> § <br> § <br> RENESAS ELECTRONICS AMERICA § <br> INC. f/k/a INTERSIL CORPORATION § | Civil Action No. 4:08-cv-00451 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Fed. R. Civ. P. 52(b) and 59(a) Motions (Dkt. #876). Having considered the motions and relevant pleadings, the Court finds they should be **DENIED.**

### BACKGROUND

The facts of this case are fully set out in the Court's Findings of Fact and Conclusions of Law (Dkt. #855) (the "Opinion"), which was entered on December 14, 2021. In the Opinion, the Court found Defendant Renesas Electronics America Inc. f/k/a Intersil Corporation ("Renesas") liable to Plaintiff AMS Sensors USA Inc. f/k/a Texas Advanced Optoelectronic Solutions, Inc. ("TAOS") in the amount of $8,546,000 for disgorgement of Defendant's profits.

On March 31, 2022, Renesas filed the present motion (Dkt. #876). On April 28, 2022, AMS responded (Dkt. #892). On May 19, 2022, Renesas replied (Dkt. #904). AMS filed its sur-reply on June 9, 2022 (Dkt. #914).

### LEGAL STANDARD

#### I.      Motion to Amend the Court's Findings

Rule 52(b) provides that a court "may amend its findings—or make additional findings—and may amend the judgment accordingly." FED. R. CIV. P. 52(b). The purpose of a Rule 52(b)

motion "is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986). A Rule 52(b) motion should not "be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Garcia v. Stephens*, No. 3:06-CV-2185, 2015 WL 6561274, at *2 (N.D. Tex. Oct. 29, 2015) (quoting *Fontenot*, 791 F.2d at 1219).

## II.     Motion for New Trial

Under Rule 59(a) of the Federal Rules of Civil Procedure, a new trial can be granted to any party to a jury trial on any or all issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). However, "[u]nless justice requires otherwise, no error in admitting or excluding evidence - or any other error by the court or a party - is grounds for granting a new trial . . . At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." FED. R. CIV. P. 61.

To be entitled to a new trial, the movant must show that the verdict was against the great weight of the evidence, not merely against the preponderance of the evidence. *Taylor v. Seton Healthcare*, No. A-10-CV-650 AWA, WL 2396880, at *2 (W.D. Tex. June 22, 2012) (citing *Dresser-Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 838–39 (5th Cir. 2004); *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982)). A jury verdict is entitled to great deference. *Dresser-Rand Co.*, 671 F.2d at 839. "Weighing the conflicting evidence and the inferences to be drawn from that evidence, and determining the relative

credibility of the witnesses, are the province of the jury, and its decision must be accepted if the record contains any competent and substantial evidence tending fairly to support the verdict." *Gibraltar Savings v. LDBrinkman Corp.*, 860 F.2d 1275, 1297 (5th Cir. 1988).

## ANALYSIS

Renesas argues it is entitled to amended or additional findings on the following issues: (a) the date of proper accessibility; (b) the head start duration; (c) the lack of use of the Asserted Trade Secret ("ATS") in the Intersil ISL29003; (d) the lack of causation between any use of the ATS in the ISL29003 and Intersil's profits for sales to Apple on the 1st and 2nd Generation iPods; (e) the awarding of disgorgement damages past the end of the head start period; and (f) the failure to properly apportion the value of any use of the ATS in the ISL29003. Renesas moves for new trial on the same grounds. AMS argues Renesas merely attempted to relitigate old issues the Court has already heard the same arguments on and resolved, thus amending the Opinion or a new trial would be improper. The Court agrees.

Starting with proper accessibility date, Renesas argues that proper accessibility does not require actual reverse-engineering, rather, proper accessibility only requires that the TSL2560 was "capable" of being reverse-engineered to discover the trade secret (Dkt. #876 at p. 2). In the Opinion, the Court found AMS's trade secret did not become properly accessible to Renesas until Renesas reverse-engineered the TSL2560 on January 30, 2006 (Dkt. #855 at p. 26). The Court came to this conclusion after considering, and rejecting, Renesas' argument that proper accessibility occurred as soon as anyone could have reverse-engineered the TSL2560 (Dkt. #855 at pp. 24–25). On this point, Renesas fails to present any new evidence or argument that the Court has not already heard and reviewed. Similarly, Renesas argues the date of proper accessibility should be prior to June 2004 (Dkt. #876 at p. 2). But again, the Court already disposed of this

3

argument by prior order in which the Court noted that because the Federal Circuit affirmed on appeal that Intersil "learned of TAOS's design during the due diligence and changed its design," *TAOS*, 895 F.3d at 1316, Renesas "cannot argue that it derived its design from pre-2004 information" (Dkt. #800 at p. 7). Similarly, in the Opinion, the Court observed that "Defendant neither argued nor identified any evidence that TAOS's release of the TSL2560 in February 2005, by itself, rendered the trade secret properly accessible" (Dkt. #855 at p. 23). Finally, Renesas argues the Court improperly excluded expert testimony that would establish an earlier date of proper accessibility. However, Renesas shows no new evidence or justification for why the Court's decision was incorrect. Renesas has previously raised the same arguments on proper accessibility, and therefore fails to satisfy Rule 52(b).

As for the second issue, the Court previously found the head start duration was twenty-six months (Dkt. #855 at p. 30). Renesas argues the Federal Circuit "explicitly outlined the head start period" for this case (Dkt. #876 at p. 4). The Court obviously found no such explicit outline in the Federal Circuit's opinion, otherwise it would not have devoted a generous portion of the Opinion to choosing and justifying the 26-month head start period. Renesas has not revealed to the Court where in the mandate the Federal Circuit outlined the head start period the Court should adopt. Absent any newly discovered evidence or argument, Renesas has not shown an amendment under Rule 52(b) is warranted.

Third, Renesas asks the Court to amend its finding that the ISL29003 used AMS's trade secret. In the Opinion, the Court found the "ISL29003 employed essentially the same design as the ISL29001" (Dkt. #855 at p. 8). In reaching this conclusion, the Court rejected similar arguments to the ones Renesas makes now (Dkt. #855 at pp. 18–20).

The last three issues have to do with the Court's decision to disgorge Renesas' profits from sales of the ISL29003 to Apple for use in the iPod Touch through March 2008. Renesas presents no new arguments or evidence on these issues. In fact, the Court has repeatedly rejected the same arguments. For example, Renesas argues the Court improperly awarded damages past the end of the head start period for the 1st and 2nd Generation iPods (Dkt. #876 at p. 9). However, the Court explicitly acknowledged, considered, and rejected this argument in the Opinion (Dkt. #855 at p. 39). In sum, Renesas' motion is merely an attempt to relitigate old issues, which is not the purpose of Rule 52. *Garcia*, 2015 WL 6561274, at *2 (quoting *Fontenot*, 791 F.2d at 1219).

Though Renesas disagrees with the Opinion, "[m]ere disagreement with a district court's order does not warrant reconsideration of [an] order." *Westport Ins. Corp. v. Stengel*, 571 F. Supp. 2d 737, 738 (E.D. Tex. 2005) (citations omitted). Instead, a Rule 52(b) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). And, here, Renesas has not identified a manifest error of law or fact in the Opinion. Nor has it presented newly discovered evidence. *See id.* Thus, Renesas has failed to demonstrate it is entitled to the extraordinary relief under Rule 52(b). Nor has Renesas established that it is entitled to a new trial under Rule 59(a). As such, the Court finds that its original decision should stand.

## CONCLUSION

It is therefore **ORDERED** Defendant's Fed. R. Civ. P. 52(b) and 59(a) Motions (Dkt. #876) are hereby **DENIED**.

**IT IS SO ORDERED.**
SIGNED this 25th day of July, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE